NO. 07-09-0144-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 17, 2009
______________________________

DAVID O. MEEKINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2007-443160; HONORABLE DRUE FARMER, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
DISSENTING OPINION
          As I understand the Court’s reasoning, it finds the consensual search of appellant’s
pocket followed the officer’s unreasonably prolonged detention of appellant, and marijuana
found in the pocket was thus fruit of the poisonous tree. I agree with the Court that an
officer’s request for consent to search a vehicle involved in a traffic stop, although
otherwise permissible, may nonetheless prolong a detention to an unreasonable degree. 
See Kothe v. State, 152 S.W.3d 54, 65 (Tex.Crim.App. 2004) (noting that a routine check
of a driver’s license and car registration may unduly prolong a detention, making the
officer’s action unreasonable under the circumstances). But the trial court reasonably could
have concluded that did not occur here. 
          As the Court notes, the exchange between appellant and the officer concerning
consent to search the vehicle took about a minute. From its inception to appellant’s arrest,
the detention took something over six minutes. The Court accurately characterizes as
“evasive” appellant’s responses to the officer’s first several questions regarding consent. 
Appellant and the State disagree over the effect of appellant’s “yes” or “I guess” response
to the officer’s last question, and the Court finds it insufficient to demonstrate appellant’s
unequivocal and voluntary consent to search of the car. Accepting the Court’s conclusion
as correct, surely the same evidence permitted the trial court to conclude appellant did not
refuse the officer consent to search his car.


 See Olguin v. State, No. 08-02-0241-CR, 2003
WL 22159048 (Tex.App.–El Paso, September 18, 2003 pet. ref’d) (mem. op., not
designated for publication) (disagreeing with contention defendant’s failures to respond to
officer’s requests for consent constituted refusals); cf. Davis v. State, 947 S.W.2d 240, 241
(Tex.Crim.App. 1997); McQuarters v. State, 58 S.W.3d 250, 254 (Tex.App.–Fort Worth
2001, pet. ref’d) (both finding detentions improperly prolonged after stopped suspects
refused consent to search vehicles).
 
          The video recording shows the officer told appellant to step out of the car
immediately after appellant’s response to the officer’s last request for consent. The officer
testified, and appellant does not disagree, that appellant reached toward one of his pockets
as he stepped out of the vehicle, leading the officer to grab appellant’s arm then seek his
consent to search the pocket. Appellant consented to the search of the pocket and the
marijuana was found. Case law provides an officer may as a matter of routine ask an
occupant to step out of a vehicle after a traffic stop. Pennsylvania v. Mimms, 434 U.S. 106,
109-11, 98 S.Ct. 330, 332-33, 54 L.Ed.2d 331 (1977) (per curiam); Rhodes v. State, 945
S.W.2d 115, 117-19 (Tex.Crim.App.1997). Under the circumstances presented here, I see
nothing constitutionally wrong with the officer’s instruction of appellant to step out of the
car. I would find the actions that lead to discovery of the marijuana in appellant’s pocket
were not unreasonable, and would affirm the trial court’s denial of the motion to suppress. 
Because the Court does not, I respectfully dissent. 
 
                                                                           James T. Campbell

                                                                                   Justice

 



Publish.